UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON MACDONALD,<br><br>      Plaintiff,<br><br>-against-<br><br>SECRETARY DEPARTMENT OF CORRECTIONS; ATTORNY GENERAL, STATE OF FLORIDA,<br><br>      Defendants. | 24-CV-9100 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Walton Correctional Institution ("WCI"), located in De Funiak Springs, Walton County, Florida, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights are being violated at WCI. Named as Defendants are the Secretary of the Florida Department of Corrections ("DOC") and the Attorney General for the State of Florida. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Florida.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff previously filed an action against the same defendants in the Northern District of Florida. *See MacDonald v. Sec'y Dep't of Corr.*, No. 3:23-CV-17133 (LC) (ZCB) (N.D. Fla. Nov. 21, 2023). That court dismissed the action without prejudice following Plaintiff's failure to comply with a court order directing Plaintiff to submit an amended complaint on a court-approved form. Plaintiff's pleading in this action is handwritten.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that while incarcerated at WCI, his rights have been violated. He names the Secretary of the Florida DOC and the Attorney General for the State of Florida. Because Defendants are located in Florida and the alleged events occurred in Florida, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Walton County, Florida, which is in the Northern District of Florida. *See* 28 U.S.C. § 89(a). Accordingly, venue lies in the Northern District of Florida, 28 U.S.C. § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 18, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge